HARDY, Judge.
This is a workmen’s compensation claim for total permanent disability asserted by plaintiff against her employer and its insurer, and she appeals from judgment rejecting her demands.
Plaintiff sustained a fall while engaged in the duties of her employment on October 8, 1959, and suffered a back injury diagnosed as a lumbosacral strain. Medical expenses in excess of $1,300.00 and compensation at the maximum rate for a period of sixty-eight weeks were paid, after which period payments were terminated on February 10, 1961. This suit, praying for the allowance of compensation as for total permanent disability together with statutory penalties and attorney’s fees, was filed May 11, 1961.
The issue presented is factual and must he determined upon the basis of the testimony of medical experts. Written reasons for judgment were assigned by the trial judge.
The testimony of the general practitioner who first treated plaintiff following her injury is of no material value, inasmuch as this physician had been consulted only three times during a short period following the accident and the case was then referred by him to an orthopedic specialist. The record contains depositions of three orthopedic specialists, one neurosurgeon and the written report of an examination made by still another orthopedic specialist. Only one of these medical experts was able to find any indication that justified plaintiff’s continued complaints of back pain over the period of more than two years following the accident. The deposition of Dr. Norris, the orthopedist to whom plaintiff was first referred and who kept her under his care and treatment for a long period of time, clearly establishes the fact that he was unable to ascertain any objective basis or make any diagnosis which would establish a reason for plaintiff’s complaints over such an extended period of time. This opinion was supported by deposition of Dr. King and the written report of Dr. Bicknell, both qualified specialists in the field of orthopedics, and by the deposition of Dr. Boykin, the specialist in neurosurgerjr who also made a thorough examination of plaintiff. We concur in the conclusion of the district judge, evidenced by his written opinion, that the testimony of the above experts substantially preponderates over the testimony of the single orthopedic specialist who was of the opinion, from his examinations, that plaintiff had suffered a disc or nerve root involvement. This opinion was based upon what the witness referred to as “suggestive” findings which led him to a “tentative positive diagnosis.”
The record shows that, at the time of trial more than two years after the accident, plaintiff was able to perform her usual household duties and that she regularly engaged in the recreation of bowling on an *253 average of once a week, according to her testimony.
Our examination of the record fails to indicate any error in the judgment appealed from, and, accordingly, it is affirmed at appellant’s cost.